**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan VILLALOBOS, aka J. Mr., aka Numero Uno, aka Jose Faliciano Garcias, aka Pedro Diaz Moreno, Defendant—Appellant.**

No. 01–50732.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 18, 2003.

Ronald L. Cheng, Esq., Brian M. Hoffstadt, Esq., Rodrigo A. Castro–Silva, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Juan Villalobos appeals his conviction and sentence following a guilty plea for conspiracy in violation of 18 U.S.C. § 371 and for the theft of goods and possession of stolen goods in interstate commerce and interstate shipments in violation of 18 U.S.C. § 659.

■ Although Villalobos's plea agreement waived the right to appeal his sentence if it were within the statutory maximum, the 87–month sentence on the conspiracy count (count one) was in excess of the five-year statutory maximum under 18 U.S.C. § 371. The government acknowledges that there was a sentencing error on this count that requires correction, but argues that the error is merely technical and because the sentence as a whole was within the total statutory maximum, the plea waiver is not invalidated. We disagree. The waiver turns on the "statutory maximum sentence," not the "total maximum sentence," so Villalobos may appeal his sentence. *See United States v. Haggard*, 41 F.3d 1320, 1325 (9th Cir.1994).

■ However, Villalobos's role was not improperly enhanced pursuant to U.S.S.G. § 3B1.1(a). Excluding the undercover law enforcement officer, Villalobos was still an organizer or leader of criminal activity involving at least five "participants." That an undercover law enforcement officer may not be counted as a "participant" because he is not criminally responsible for the commission of the offense does not mean that evidence from his involvement may not be considered for purposes of determining whether Villalobos was an organizer or leader. *See United States v.. Varela*, 993 F.2d 686, 691–92 (9th Cir. 1993). Considering the entire record, evidence that Villalobos located the goods to be stolen, directed the transportation, storage and sale of stolen equipment, and received a large share of the proceeds supports the district court's finding that Villalobos was an organizer or leader of extensive criminal activity. Villalobos was also identified by Amiel (supposedly the second in command) as "Numero Uno." Although "titles such as 'kingpin' or 'boss' are not controlling," the "Numero Uno" title is yet another indicator that Villalobos was the leader of this criminal network. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.S.G. § 3B1.1(a), a.n. 4. Taking this title in conjunction with all the other facts that show Villalobos's leadership, we conclude that the district court properly applied the sentencing enhancement.

Accordingly, we vacate the judgment as to count one only, and remand for the district court to correct the sentence with respect to that count so that the term of incarceration imposed does not exceed 60 months. Otherwise, we affirm.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.